IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTINE GASPARI,

                Plaintiff,

v.                                                 Case No. 03-2547-CM

DAVID KING, D.O.,
JAMES QUEENAN, D.O., and
SOUTHEAST KANSAS ORTHOPAEDICS,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiff's Motion to Compel or in the Alternative to Require Supplemental Discovery Responses (Doc. 27). Plaintiff has filed a memorandum in support of her motion (Doc. 29). Defendants filed a timely response in opposition to plaintiff's motion (Doc. 31), to which plaintiff has filed a timely reply (Doc. 32). The issue is therefore fully-briefed and ripe for decision. For the reasons set forth below, plaintiffs' motion shall be granted.

### I.      Background

Plaintiff commenced this diversity action to recover damages for alleged medical malpractice by filing her Complaint on October 29, 2003.[1] Defendants responded by filing an Answer on January 5,

---

[1] *See* Plaintiff's Complaint (Doc. 1).

2004, and an Amended Answer on January 6, 2005.[2]  In their Amended Answer, defendants allege, *inter alia*, the affirmative defense of comparative fault pursuant to K.S.A. § 60-258(a) and purport to reserve the right to assert any further affirmative defense disclosed by discovery in the case.[3]

After joinder of the issues, this case was set for a telephone scheduling conference on February 23, 2004, before U.S. Magistrate Judge James P. O'Hara, the judge to whom the case was originally assigned for pretrial management.[4]  During the February 23, 2004- scheduling conference, the parties reported to Judge O'Hara that it was impractical to set a full discovery schedule at that time due to the condition of plaintiff's health, specifically that plaintiff had not achieved "maximum medical improvement" ("MMI").[5]

Judge O'Hara, therefore, declined to establish a full discovery schedule, instead setting only deadlines 1) for the parties to exchange Fed. R. Civ. P. 26(a)(1) disclosures, of February 26, 2004; 2) for motions to join additional parties or amend the pleadings, of March 26, 2004; and 3) for motions to dismiss for lack personal jurisdiction, venue, propriety of the parties, or failure to state a claim, of April 12, 2004. He then set a status conference for the purpose of planning the remainder of discovery on September 9, 2004, and established a deadline for the parties to submit an updated planning report, of September 2,

---

[2] *See* Defendants' Answer (Doc. 5) and Amended Answer (Doc. 6).

[3] Defendants' Amended Answer (Doc. 6), at p. 3.

[4] *See* Order Setting Scheduling Conference (Doc. 7).

[5] *See* Scheduling Order (Doc. 8), at p. 1.

2004.[6]  Notably, while the case was not placed on a full discovery schedule at the February 23, 2004-scheduling conference, Judge O'Hara expressly stated in the resulting scheduling order that "the court is not presently ruling that any particular discovery is stayed pending plaintiff's achievement of MMI."[7]

On May 6, 2004, plaintiff propounded interrogatories to defendants King and Queenan.[8]  On July 11, 2004, defendant King served his answers to the plaintiff's interrogatories,[9] declining to provide substantive answers to interrogatory nos. 30, 31, 32, and 33.  These four interrogatories are the subject of the instant motion to compel.  The full text of plaintiff's interrogatories and defendant King's responses (*italics)* are as follows:

30. Do you contend that any medical treatment Plaintiff received for her medical condition was unnecessary?       Yes     No

If yes, what treatment do you feel was unnecessary?

*I don't understand this question. I believe my surgery was necessary. I have not reviewed the surgery of the other physicians at this point in sufficient detail to form a judgment or belief as to whether or not I believe it was necessary. In the event I review those materials prior to my deposition in sufficient depth to form those type of judgments, I will supplement this answer.*

31. Do you contend that Plaintiff failed to mitigate her damages?       Yes     No

If yes, please set forth the precise manner in which Plaintiff failed to mitigate her damages.

---

[6] *See* Id., at pp. 2-5.

[7] Scheduling Order (Doc. 8), at p. 2.

[8] *See* Notice of Service (Doc. 9).

[9] *See* Notice of Service (Doc. 11).

*I am unable to answer this question at this point. Plaintiff's deposition has not been taken and I do not know what she has or has not done to potentially mitigate any problems she is presently having.*

32. Do you contend that the conduct of any other person contributed to Plaintiffs damages?     Yes     No

If yes, please state:
(a) The name and address of each person you contend contributed to Plaintiff's damages
(b) How that person contributed to Plaintiffs damages

*I am unable to respond to this question at this point. I have not reviewed the subsequent medical records in sufficient detail. If I do review the medical records in sufficient detail prior to my deposition, I will supplement my answer prior to my deposition.*

33. Do you contend that any act(s) or omissions on the part of Plaintiff contributed to her damages?     Yes     No

If yes, then please set forth with particularity each fact upon which you base that contention.

*I am unable to answer this question at this point. Plaintiff's deposition has not been taken and I have not reviewed the subsequent medical records in sufficient detail. I do not know what she has ore has not done that might have contributed to her damages at this time.*[10]

On July 29, 2005, this case was transferred from Judge O'Hara to the undersigned for the remainder of pretrial management.[11]  As a result, the September 9, 2004-status conference was conducted by the undersigned.[12]  At that status conference, the parties once again reported that plaintiff had not

---

[10] *See* Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel or in the Alternative to Require Supplemental Discovery Responses ("Plaintiff's Memorandum") (Doc. 29), at pp. 2-3.

[11] *See* Minute Order Referring Case (Doc.12).

[12] *See* Minute Entry (Doc. 14).

achieved MMI, such that discovery could be fully planned.  As a result, the court declined to establish a

full discovery schedule and set a further status conference for that purpose on December 1, 2004.

As a result of scheduling conflicts, the status conference set for December 1, 2004, was

rescheduled by the court and actually held on December 2, 2004.[13]  At that time, the parties once again

reported that plaintiff had not achieved MMI and that they wished to defer establishing a full discovery

schedule until plaintiff had achieved MMI and could be fully deposed with regard to all issues (including

both liability and damages) in a single deposition.[14]  The court reluctantly agreed, stating "[w]hile the court

is not persuaded that there are no meaningful discovery activities that could be undertaken at this time, the

court is mindful of the parties desire to complete discovery as efficiently and inexpensively as possible and

it accepts the parties assessment that imposing a full discovery schedule at this time would not be

productive."[15]  The court then set a further status conference for March 16, 2005, with the intention "to

formulate a schedule for completion of discovery in this case" at that conference.[16]

A series of scheduling conflicts resulted in the status conference set for March 16, 2005, being

rescheduled and ultimately conducted on March 14, 2005.[17]  At the March 14, 2005-status conference,

the parties reported that plaintiff had achieved MMI and a schedule was established for the completion of

---

[13] *See* Order Resetting Status Conference (Doc. 18) and Minute Entry (Doc. 19).

[14] *See* Order Setting Telephone Status Conference (Doc. 20), at p. 2.

[15] *Id.* at p. 3.

[16] *Id.* at p. 3.

[17] *See* Order Granting Motion to Change Date of Status Conference (Doc. 22) and Order
Resetting Telephone Status Conference (Doc. 23).

discovery.[18]  The parties brought the dispute regarding plaintiff's interrogatory nos. 30, 31, 32, and 33 to

the court's attention during the status conference and were encouraged to submit the issue to the court as

soon as possible to avoid any further delay, in the event they were unable to achieve a resolution on their

own.  Notably, at the time the issue was discussed with the court at the March 14, 2005-status conference,

approximately eight months had elapsed since the service of defendant King's responses to the

interrogatories at issue on July 13, 2004.  Plaintiff then filed the instant motion to compel on March 17,

2005.

## II.     Discussion

### A.      Standard of Decision

Fed. R. Civ. P. 33 addresses the use of interrogatories by the parties in a civil case.  Fed. R. Civ.

P. 33(a) provides in relevant part that "any party may serve upon any other party written interrogatories

. . . to be answered by the party served."[19] "Each interrogatory shall be answered separately and fully in

writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the

objection and shall answer to the extent the interrogatory is not objectionable."[20] "All grounds for objection

---

[18] *See* Amended Scheduling Order (Doc. 26).

[19] Fed. R. Civ. P. 33(a).

[20] Fed. R. Civ. P. (b)(1).

to an interrogatory shall be stated with specificity."[21]  "Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."[22]

"Interrogatories may relate to any matters which can be inquired into under [Fed. R. Civ. P.] 26(b)(1) . . . ."[23]  Fed. R. Civ. P. 26(b)(1) permits discovery of "any matter, not privileged, that is relevant to any claim *or defense* of any party."[24]  "An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated  discovery has been completed . . . ."[25]

"Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."[26]  "A party may not withhold discovery solely because it has obtained to its satisfaction other discovery."[27]  An answering party "has a duty to answer the interrogatory with whatever information he

---

[21] Fed. R. Civ. P. (b)(4).

[22] *Id.*

[23] Fed. R. Civ. P. 33(c).

[24] Fed. R. Civ. P. 26(b)(1).

[25] Fed. R. Civ. P. 33(c).

[26] Fed. R. Civ. P. 26(d).

[27] *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 308 (D. Kan. 1996) (citing *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989)).

has."[28]  "Fed. R. Civ. P. 26(e) provides ample procedure for [later] supplementing a response, if necessary [after additional discovery]."[29]

'The party submitting the interrogatories may move for an order under [Fed. R. Civ. P.] 37(a) with respect to any objection or other failure to answer an interrogatory."[30]  "A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery . . . ."[31]  "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[32]

### B.    The Parties' Arguments

Plaintiff contends that defendant King has had ample time to review plaintiff's medical records, which were provided along with plaintiff's initial disclosures and have been seasonably supplemented, in the time between his initial answers in July of 2004, and the present day, such that he should now be required to provide substantive answers responsive to the interrogatories at issue.  Additionally, plaintiff points to the conditional language of defendant King's initial responses (i.e. that he will provide supplemental answers *if* he reviews plaintiff's medical records in sufficient detail prior to his deposition) to

---

[28] *Bohannon v. Honda Motor Co.*, 127 F.R.D. 536, 538 (D. Kan. 1989).

[29] *Id.*  Fed. R. Civ. P. 26(e)(2) provides: "A party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during  the discovery process or in writing."

[30] Fed. R. Civ. P. 33(b)(5).

[31] Fed. R. Civ. P. 37(a).

[32] Fed. R. Civ. P. 26(b)(1).

indicate that defendant King has made no promise of when substantive answers to the interrogatories will be forthcoming.  Plaintiff contends that she is entitled to substantive answers to clarify defendant King's contentions *prior* to his deposition, and that defendant King is protected from any danger that his answers may change as a result of later discovery by the opportunity, and indeed duty, he would have to further supplement his answer pursuant to Fed. R. 26(e)(2).

Defendants contend requiring defendant King to provide substantive answers to the interrogatories at issue at this time would force defendant King to speculate without a sufficient evidentiary basis.  They maintain that defendant King cannot provide informed, substantive answers to the interrogatories until he has had the opportunity to depose the plaintiff and her subsequent treating physicians.  They contend that a review of the medical records alone is insufficient to permit defendant King to answer because "medical records provide an answer to the obvious question, 'Medically, what did you do" but not the relevant question, "Medically, why did you do it?"[33]  They argue that requiring defendant King to answer this type of contention interrogatory at this time would "force him 'to articulate theories of [his] case which are not fully factually developed.'" [34]

### C.     Analysis

In this instance, plaintiffs seek, through the interrogatories at issue, to clarify defendant King's contentions with regard to the issues of comparative fault and plaintiff's mitigation of her damages.  The court notes that defendants asserted the affirmative defense of comparative negligence in their Amended

---

[33] Response of Defendant David King, D.O. to Plaintiff's Motion to Compel or in the Alternative to Require Supplemental Discovery Responses ("Defendants' Response") (Doc. 31), at p. 3.

[34] *Id.* at p. 6 (quoting *Contention Interrogatories in Federal Court*, 148 F.R.D. 441, 445 (1993) (internal citations omitted)).

Answer and are required by Fed. R. Civ. P. 11 to have a basis in both law and fact for so doing.[35]

Defendants did not specifically state, in asserting this defense, that it was being asserted in the expectation

that an evidentiary basis would be developed during further reasonable discovery; therefore, the court

presumes that defendants believed they had some factual basis to support the assertion of this defense at

the time it was pled.  Moreover, defendants specifically claimed to reserve the right to assert any additional

"affirmative defense as disclosed by future discovery in this case,"[36] which would presumably, in light of

the need by plaintiff for further medical treatment, likely include the defense that plaintiff failed to adequately

mitigate her damages.  As such, the information sought by the interrogatories at issue appears to the court

to be clearly relevant to the claims or defenses of the parties and, thus, properly within the scope of

discovery contemplated by Fed. R. Civ. P. 26(b).

The use of the word "may" in the language of Fed. R. Civ. P. 33(c) addressing the court's ability

to defer a party's obligation to answer contention interrogatories reflects that such a decision is a matter

---

[35] *See* Fed. R. Civ. P. 11(b).
"By presenting to the court . . . a pleading . . . an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after inquiry reasonable under the circumstances , –
 . . .
(2) the claims, *defenses*, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery; . . . ."  *Id.*

[36] Defendants' Amended Answer (Doc. 6), at p. 3.

of discretion for the court.[37]   The court declines to exercise its discretion to further delay defendant King's obligation to provide substantive answers to plaintiff's interrogatories in this instance.

As noted above, at least with regard to the affirmative defense of comparative negligence that is at issue in plaintiff's interrogatories 30, 32, and 33, defendants are required by Fed. R. Civ. P. 11 to have a factual basis to support their defense at the time it is pled, unless they specifically state that they are expecting one to emerge during discovery, which they did not.   Therefore, when asked about his contentions with regard to this defense by plaintiff, defendant King should already be able to provide responsive answers without the need for any additional discovery.   The fact that such answers may not be the same as the full and final answers he may be able to provide after further discovery presents no problem because of his right and duty to continue to seasonably supplement under Fed. R. Civ. P. 26(e).

Moreover, defendant King is not now deprived of some discovery to rely upon in answering plaintiff's interrogatories because he is in possession of plaintiff's medical records and, prior to answering, will have had the opportunity to be present at plaintiff's deposition on April 15, 2005.[38]   There appears to be no dispute between the parties that plaintiff has provided defendants with complete medical records.[39] Some, if not all of these records have been in defendants' possession since the parties exchanged their Fed.

---

[37] Fed. R. Civ. P. 33(c); *see also In re One Bancorp Securities Litigation*, 134 F.R.D. 4, 7 (D. Me. 1991) ("[T]he court, in its discretion, may allow answers to that type of interrogatory to be deferred until other discovery is complete.").

[38] *See* Notice of Deposition (Doc. 33).

[39] *See* Defendants' Response (Doc. 31), at p. 2 ("Admittedly, Ms. Gaspari has produced her medical records in compliance with FRCP 26.").

R. Civ. P. 26(a)(1) disclosures in February of 2004.[40]  Nearly fourteen months have elapsed since

defendants would have come into possession of any of plaintiff's medical records provided with her initial

disclosures, and more than eight months have elapsed since defendant King's initial responses to the

interrogatories at issue.  As noted above, while discovery in this case may have been somewhat protracted

as a result of plaintiff's medical condition, it was never stayed, and the parties were never relieved of their

obligation to go forward with whatever discovery activities could be fruitfully undertaken.[41]  If anything, the

additional delay during the discovery period should have provided defendant King with an abundance of

time to review plaintiffs medical records.

There would seem to have been more than adequate time for defendant King to review plaintiff's

records in sufficient detail to provide some type of substantive answers to plaintiff's four remaining

interrogatories.  Moreover, the court is not persuaded by defendants' argument that plaintiff's medical

records are only adequate to inform defendant King with regard to *what* further treatment was

administered, and insufficient to provide any information as to *why* such treatment was undertaken.

Defendant King is a trained physician who has had specific experience with plaintiff's condition as result

of providing her with treatment.  He is certainly capable of examining  the records of plaintiff's later

examinations and forming opinions as to whether any later treatment undertaken was proper or necessary

or the same as he might have advised in response to the symptoms presented.  Additionally, as previously

---

[40] *See* Scheduling Order (Doc. 8), at p. 3 (ordering the parties to exchange their Fed. R. Civ. P. 26(a)(1) disclosures by February 26, 2004, and reflecting the parties' agreement to also exchange  any document referenced in their disclosures on that same date).

[41] *See* Scheduling Order (Doc. 8), at p. 2; *see also* Order Setting Status Conference (Doc. 20), at p. 3 ("In the interim prior to the March 16-status conference, the parties should move forward with whatever discovery activities they believe can be productively undertaken at this time.").

noted, to the extent that later depositions of plaintiff's subsequent treating physicians may cause defendant King to revise any such opinions, he has both the opportunity and obligation to seasonably supplement his interrogatory answers pursuant to Fed. R. Civ. P. 26(e).

A party may propound interrogatories at any time during discovery, without the need to seek leave of court or agreement from any other party,[42] and the responding party has an obligation to answer as fully and completely as possible based upon the information he has at the time,[43] unless the court exercises its discretion to permit him to defer his answers.[44]  While defendants are correct that their theories with regard to the affirmative defenses of comparative negligence and failure to mitigate damages may not be fully factually developed at this time, the fact remains that they have alleged the former, and the circumstances of the case would tend to suggest the applicability of the latter.  A party "is entitled to know the factual basis of" the opposing party's allegations,[45] and plaintiff is entitled to understand what defendants contend in order to shape her own discovery.[46]  As such, the court finds there to be no valid reason why it should defer defendant King's obligation to provide substantive answers to the interrogatories at issue prior to his deposition.

---

[42] *See* Fed. R. Civ. P. 26(d); *see also In re One Bancorp Securities Litigation*, 134 F.R.D. at 7.

[43] *Bohannon*, 127 F.R.D. at 538.

[44] Fed. R. Civ. P. 33(c); *see also In re One Bancorp Securities Litigation*, 134 F.R.D. at 7.

[45] *Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan 1991).

[46] *See* Fed. R. Civ. P. 33(c); *see also In re One Bancorp Securities Litigation*, 134 F.R.D. at 7 ("[Fed. R. Civ. P.33(c)] expressly authorizes contention interrogatories which are 'otherwise proper . . .'").

### III.     Conclusion

Based upon the foregoing the court concludes that plaintiff's motion should be granted and that defendant King should be required to provide substantive answers to plaintiff's interrogatory nos. 30, 31, 32, and 33 prior to his deposition, which is currently scheduled for April 21, 2005.[47]

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Compel or in the Alternative to Require Supplemental Discovery Responses (Doc. 27) is hereby granted.

**IT IS FURTHER ORDERED** that defendant King shall, on or before **April 20, 2005**, supplement his response to plaintiff's interrogatories providing full and complete substantive answers to plaintiff's interrogatory nos. 30, 31, 32, and 33, indicating either "yes" or "no" in response to each interrogatory and stating the basis for each such answer as requested.

**IT IS SO ORDERED.**

Dated this 15th day of April, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[47] *See* Notice of Deposition (Doc. 34).

14